IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JEANIE R. G.,**[1]

    **Plaintiff,**

v.

    Civil Action 2:21-cv-5445
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge Chelsey M. Vascura

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Jeanie R. G. ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income benefits ("SSI"). This matter is before the undersigned for a Report and Recommendation ("R&R") on Plaintiff's Statement of Errors (ECF No. 7), the Commissioner's Memorandum in Opposition (ECF No. 8), Plaintiff's Reply (ECF No. 9), and the administrative record (ECF No. 6). For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner's non-disability determination and **REMAND** this matter to the Commissioner and the ALJ pursuant to Sentence Four of § 405(g).

---

[1] Pursuant to this Court's General Order 22-01, any opinion, order, judgment or other disposition in Social Security cases shall refer to plaintiffs by their first names and last initials.

## I.     BACKGROUND

Plaintiff protectively filed an SSI application on March 21, 2017, alleging that she had been disabled since November 22, 2013. (R. 346–51.) Plaintiff's application was denied initially (R. 245–60), and on reconsideration (R. 262–75). A hearing was held on January 24, 2019 (R. 219–44), before an Administrative Law Judge (the "ALJ"), who issued a non-disability determination on March 11, 2019, (R. 13–35). That determination became final on March 20, 2020, when the Appeals Council denied Plaintiff's request for review. (R. 1–7.) Plaintiff sought judicial review of that final determination in case docketed in this Court as Case No. 2:20-cv-2534. (R. 841–42.) In that action, the Court granted the parties' joint motion to remand the matter to the Commissioner pursuant to sentence four of § 405(g). (R. 844–45, 843.) Upon remand, the ALJ held another hearing on August 31, 2021 (R. 771–92), before issuing a second unfavorable determination on September 8, 2021 (R. 745–770). Plaintiff now seeks judicial review of that second unfavorable determination.

Specifically, in this action, Plaintiff contends that the ALJ's residual functional capacity ("RFC")[2] determination is not supported by substantial evidence because the ALJ erred when evaluating opinion evidence from the state agency reviewing psychologists. (Pl.'s Statement of Errors 7–11, ECF No. 7.) Because this allegation of error has merit, the undersigned does not reach Plaintiff's remaining contentions of error.

## II.     THE ALJ'S DECISION

On September 13, 2021, the ALJ issued the second unfavorable determination. (R. at 745–

---

[2] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).

70.) At step one of the sequential evaluation process,[3] the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 17, 2017, the date Plaintiff protectively filed her SSI application. (*Id.* at 751.) At step two, the ALJ found that Plaintiff had the following severe impairments: Persistent Depressive Disorder; Bipolar I Disorder; Obsessive-Compulsive Disorder; Borderline Intellectual Functioning; Fibromyalgia; Low Back Pain; Arthritis of the Bilateral Knees; Obesity; and Deep Vein Thrombosis of the Left Lower Extremity. (R. 751.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

> Before proceeding to step four, the ALJ assessed Plaintiff's RFC as follows:
>
> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined

---

[3] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §§ 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

>in 20 CFR 416.967(c) except she could frequently climb ramps and stairs; she could frequently stoop, kneel, crouch, and crawl; she could occasionally climb ladders; she would be limited to performing simple, repetitive tasks that are performed in a work environment without fast-paced production requirements, involving only simple work-related decisions with few, if any, workplace changes and no complex supervisory feedback; and she would be capable of brief interactions with supervisors and coworkers, comprised of up to a group of 5 people, sufficient to learn the unskilled job and exchange appropriate work information.

(R. 754.)

At step four, the ALJ relied on testimony from the VE to find that Plaintiff was unable to perform her past relevant work as a hand packer. (R. 761.) At step five, the ALJ determined that in light of her age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform, such as an industrial sweeper/cleaner, housekeeper/cleaner, and conveyor feeder off bearer. (R. 762.) The ALJ, therefore, concluded that Plaintiff was not disabled since March 17, 2017.

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "take into account whatever in the record fairly detracts from [the] weight" of the

4

Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV. ANALYSIS

As explained previously, Plaintiff asserts that the ALJ's RFC determination was not supported by substantial evidence because the ALJ erred when assessing opinion evidence from the state agency psychological reviewers. The undersigned finds that this contention of error has merit. "[T]he opinions of non-examining state agency medical consultants have some value and can, under some circumstances, be given significant weight." *Douglas v. Comm'r of Soc. Sec.,* 832 F.Supp. 2d 813, 823–24 (S.D. Ohio 2011). This is because the Commissioner views such medical sources "as highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the [Social Security] Act." *Id.;* 20 C.F.R § 416.927(d),(f). "Consequently, opinions of . . . record-reviewing physicians are weighed under the same factors as treating physicians[4] including supportability, consistency, and specialization." *Douglas,* 832 F. Supp. 2d at 823–24.

---

[4] Plaintiff's application is governed by the regulations that apply to applications filed before March 27, 2017.

Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:08-cv-411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010). And an ALJ must explain how the evidence supports the limitations that he or she sets forth in the claimant's RFC:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96-8p, 1996 WL 374184, at *7 (internal footnote omitted).

Here, the state agency reviewers opined that Plaintiff had no significant limitations getting along with coworkers or peers. (R. 257, 272.) But the state agency reviewers also opined that Plaintiff was moderately limited with regard to interacting with the public, and opined, in pertinent part, that Plaintiff was limited to "interact[ing] with small groups of people superficially." (R. 257, 272.) In the RFC assessment, however, the ALJ determined Plaintiff was capable of "brief interactions with supervisors and coworkers, comprised of up to a group of 5 people, sufficient to learn the unskilled job and exchange appropriate work information." (R. 754.) Plaintiff urges that this RFC fails to incorporate the actual social interaction limitation opined by the state agency reviewers.

The undersigned agrees. The state agency reviewers determined that Plaintiff was moderately limited with her ability to interact with the public, and that she was limited to interacting with small groups of people, including, presumably, the public. The RFC assessed by the ALJ, however, limited Plaintiff to brief interactions with supervisors and coworkers, leaving

6

her unlimited with regard to public interactions. That appears to be opposite, or at least markedly different, than the actual interaction limitation opined by the state agency reviewers.

Plaintiff additionally urges that the ALJ failed to adequately explain why he declined to incorporate the state agency reviewers' public interaction limitation even though he determined that their opinions were entitled to significant weight. The undersigned, again, agrees. The ALJ explained his evaluation of the state agency reviewers' opinions as follows:

> Last, the undersigned considered the opinions of the State Agency psychological consultants (B1A & B3A), who opined that the claimant has moderate limitations in the areas of understanding and memory, sustained concentration and persistence, social interaction, and adaption. Accordingly, the undersigned assigns significant weight to the psychological consultants' opinions, as said opinions are generally consistent with and supported by the totality of the record, which documents a history of conservative care for the claimant's severe mental impairments. Moreover, the undersigned notes that the record fails to document recurring emergency care or inpatient hospitalizations for mental health impairments. Further, the undersigned finds that the limitations opined by the psychological consultants are generally consistent with the limitations found within the above-stated RFC, except the undersigned omitted the use of the term "superficially", regarding the nature of the claimant's interaction with others, as this term is not vocationally relevant. Alternatively, the undersigned limited the claimant to brief interactions with supervisors and coworkers, up to a group of 5 people, sufficient to learn the unskilled job and exchange appropriate work information, based on the combined effects of her mental impairments, which result in problems in areas including concentration and focus.

(R. 760.)

Plaintiff urges, and the undersigned finds, that this discussion is inadequate. As this discussion demonstrates, the ALJ determined that the state agency reviewers' opinions were persuasive because they were generally consistent with and supported by the record evidence. Moreover, the ALJ indicated that the RFC he assessed was generally consistent with the state agency reviewers' opined limitations except that the ALJ omitted the use of the term "superficially" because it was not vocationally relevant. (*Id*.) The ALJ's discussion does not, however, indicate why he assessed an RFC that had no public interaction limitations even though

7

the state agency reviewers had opined that Plaintiff was moderately limited in that regard and opined a limitation to interactions with only small groups of people, which included the public.

To be sure, the ALJ was not required to adopt verbatim the reviewers' findings even though he determined that they were persuasive. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x. 267, 275 (6th Cir. 2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale."). But where, as is the case here, an ALJ determines that an opinion or finding is persuasive, the ALJ must incorporate the limitations in that opinion or finding or provide an adequate explanation for declining to do so. *See, e.g.*, *Hankinson v. Comm'r of Soc. Sec.*, No. 2:18-CV-58, 2020 WL 240812, at *2 (S.D. Ohio Jan. 16, 2020) (remanding where the ALJ accepted opinions from a state agency reviewer but failed to incorporate her opined restrictions on travel and "interactions with unfamiliar others" or explain that omission). An ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports the ALJ's decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x. 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11–cv–95, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10–295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the

Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"); *Cote v. Colvin*, No. 16–cv–57, 2017 WL 448617, at *7 (W.D. Wisc. Feb. 2, 2017) ("On remand, the ALJ must build a logical bridge between the evidence and any social functioning limitations that he chooses to include in the residual functional capacity assessment."). Such is the case here.

Plaintiff also asserts that the ALJ erred by deciding to omit interacting "superficially" from Plaintiff's RFC because it was not a vocationally relevant term even though Courts sitting in this Circuit routinely hold that the term does not lack such relevance. (Pl.'s Statement of Errors 10–11, ECF No. 7.) Plaintiff further asserts that the ALJ erred when evaluating opinion evidence from Plaintiff's Physician Assistant. (*Id*. at 11–15.) The undersigned declines to consider these alternative contentions of error, but encourages the ALJ to consider them, if appropriate, on remand.

## V. RECOMMENDED DISPOSITION

Based on the foregoing, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner's non-disability determination and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this R&R.

## VI. PROCEDURE ON OBJECTIONS

If any party objects to this R&R, that party may, within fourteen (14) days of the date of this R&R, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the R&R or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or

in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*<br>
CHELSEY M. VASCURA<br>
UNITED STATES MAGISTRATE JUDGE